# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*In the Matter of Petition to Join Named Plaintiff by Guy Allan Nelson*

Case No. 3:24-cv-00115-SLG

## ORDER OF DISMISSAL

On May 28, 2024, self-represented prisoner Guy Allan Nelson ("Plaintiff") filed a petition seeking to "join" *The State of Alaska v. Express Scripts, Inc. et al.,* Case No. 3:23-cv-00233-SLG, as a plaintiff.[1] Although Plaintiff including the case caption for the *Express Scripts* case in his petition, Plaintiff's petition, notice of appearance, and letter to the Court were docketed and assigned a new case number in the Case Management/Electronic Case Files (CM/ECF) system by the Clerk's office, as set forth above. In his letter, Plaintiff claimed he would be filing a "second motion soon for costs and fees waiver and reduction."[2]

The Court has reviewed the filings and finds that Plaintiff's petition to join *The State of Alaska v. Express Scripts, Inc. et al.* as a plaintiff in that litigation must be denied.

Plaintiff's has not demonstrated a direct, substantial, and legally protectable interest in the *Express Scripts* litigation.[3] His personal grievances with the State's

---

[1] Docket 1.

[2] Docket 3.

[3] *See generally* Fed. Rule Civ. P. 19 (required joinder of parties); Fed. Rule Civ. P. 20

prosecution of criminal law violations do not translate into a direct interest in the *Express Scripts* litigation. Plaintiff seeks to be "joined to the plaintiff party, but in a separate and distinct class of plaintiff."[4] Plaintiff's petition appears based on his theory that the State of Alaska cannot adequately represent his interests in its case against Express Scripts' and others' "alleged roles in fueling Alaska's opioid epidemic" when the State is also prosecuting him and others "in part due to the opioid addictions[.]"[5]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[6] The publicly available state court records do not reflect that the State of Alaska has pursued any criminal charges against Plaintiff for opioid use or possession.[7] Further,

---

(permissive joinder of parties); Fed. Rule Civ. P. 24(a)(2) (intervention of right); and Fed. Rule Civ. P. 24(b)(1)(B) (permissive intervention).

[4] Docket 1 at 3.

[5] Docket 1.

[6] S*ee United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[7] *See, e.g., State of Alaska vs. Nelson,* Case No. 3AN-23-02111CR (charging Mr. Nelson with three counts sexual assault and one count of assault with a weapon); Case Nos. 3AN-22-05832CR and 3AN-23-01383CR (charging Mr. Nelson with failing to register as a sex offender); Case No. 3AN-15-06622CR (charging Mr. Nelson with six counts based on various versions of robbery, assault, and vehicle theft, followed by three charges for violating the terms of his parole).

regardless of the basis for any criminal charges brought against Plaintiff,[8] the State's role in prosecuting criminal matters does not preclude it from adequately representing other state interests, including its interest in abating public nuisances and violations of the Alaska Consumer Protection Act, in the *Express Scripts* litigation. And Mr. Nelson has not demonstrated that he has a significant protectable interest in the *Express Scripts* litigation that is distinct from these interests raised by the State in that case.[9] Nor does it appear that Mr. Nelson, a self-represented litigant, "would offer any necessary elements to the proceeding that other parties would neglect,"[10] where both sides in the *Express Scripts* case are represented by counsel and have zealously litigated the case.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's petition at Docket 1 is DENIED.

2. This case is DISMISSED.

3. The Clerk shall issue a final judgment.

DATED this 9th day of September 2024, at Anchorage, Alaska.

            */s/ Sharon L. Gleason*
            SHARON L. GLEASON
            UNITED STATES DISTRICT JUDGE

---

[8] *Cf. City of Grants Pass, Oregon v. Johnson,* 144 S. Ct. 2202, 2204 (2024) (While states may not make "the 'status' of narcotic addiction a criminal offense," states have "broad power" to prohibit certain behaviors, even by individuals who suffer from addiction) (quoting *Robinson v. California,* 370 U.S. 660, 666-668 (1962).

[9] *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

[10] *Callahan v. Brookdale Senior Living Communities, Inc*., 42 F.4th 1013, 1020 (9th Cir. 2022).

Case No. 3:24-cv-00115-SLG, *In the Matter of Petition to Join Named Plaintiff*
Order of Dismissal
Page 3 of 3
Case 3:24-cv-00115-SLG Document 5 Filed 09/09/24 Page 3 of 3